# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE REQUEST FOR EXEMPTION FROM ELECTRONIC PUBLIC ACCESS FEES BY BENJAMIN IVERSON | Misc. Action No. 20-124 (BAH)<br><br>Chief Judge Beryl A. Howell |

## ORDER

This Miscellaneous matter is before the Court upon the request by Benjamin Iverson, Assistant Professor of Finance at Brigham Young University, on behalf of himself and his co-researchers Bronson Argyle and Taylor Nadauld, professors at Brigham Young University, Sasha Indarte, professor at Duke University, and Christopher Palmer, professor at the Massachusetts Institute of Technology, for exemption from the fees imposed by the Electronic Public Access Fee Schedule adopted by the Judicial Conference of the United States Courts.[1] *See Electronic Public Access Fee Schedule*, JUDICIAL CONFERENCE (Dec. 31, 2019), https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule. Professor Iverson seeks a discretionary Public Access to Court Electronic Records ("PACER") fee exemption solely for the charges incurred in connection with his and his co-researchers' scholarly research. Specifically, he seeks a discretionary Public Access to Court Electronic Records ("PACER") fee exemption for charges incurred when downloading electronic files maintained in district courts across the country, including the United States District Court for the District of Columbia, in a "large, nationally representative set" of bankruptcy cases, consisting of a random sample of five to ten percent of non-business bankruptcy filers from 2004–present, or

---

[1] Requests for a PACER fee exemption "by academicians, researchers and other nonlitigants" are resolved by the Chief Judge of this Court. D.D.C. LOCAL CIVIL RULE 40.7(g).

an estimated 850,000 to 1.7 million case files.  *See* PACER Fee Exemption Request at 2, ECF No. 1.  Professor Iverson proposes to identify and download the files by running a privately developed computer script "to scrape key information from . . . PDF schedules" of assets and liabilities in the Court's Electronic Case Files ("ECF") database.  *Id.*at 2.

The Court finds that Professor Iverson and his co-researchers, as individual researchers associated with educational institutions, fall within the class of users listed in the fee schedule as being eligible for a fee exemption.  Additionally, Professor Iverson demonstrated that the requested fee exemption is necessary in order to avoid unreasonable burdens and to promote public access to information.  Moreover, Professor Iverson has shown that his research project is intended for scholarly research, that it is limited in scope, and that it is not intended for redistribution on the internet or for commercial purposes.  Accordingly, Professor Iverson and his co-researchers shall be exempt from the payment of fees for access via PACER to the electronic case files maintained in the United States District Court for the District of Columbia, to the extent such use is incurred in the course of conducting the research for which Professor Iverson has requested the fee exemption.

Professor Iverson and his co-researchers shall not be exempt from the payment of fees incurred in connection with other uses of the PACER system in this Court.  The following limitations also apply:

1. Consistent with Professor Iverson's representation that the fee exemption will apply only to him and Professors Argyle, Indarte, Nadauld, and Palmer, this fee exemption applies only to those individuals and is valid only for the purposes stated above.

2. This fee exemption applies only to the electronic case files of this Court that are available through the PACER system and is further limited to Professor Iverson's collection of files related to a five percent random sample of non-business bankruptcy filers in this Court from 2004–present.

3. Professor Iverson is directed to consult with the Clerk of this Court to determine the days and times during which he may run his privately developed computer script to identify and collect files without slowing down the operation of CM/ECF in the Court.

4. By accepting this fee exemption, Professor Iverson and his co-researchers agree not to sell for profit any data obtained as a result of receiving this exemption.

5. Professor Iverson and his co-researchers are prohibited from transferring any data obtained as a result of receiving this exemption, including redistribution via internet-based databases, unless expressly authorized by the Court.

6. This fee exemption is granted for the period of approximately eighteen months, starting on the date of this order and ending on May 1, 2022.

This fee exemption may be revoked at the discretion of the Court at any time. The Clerk of the Court shall send a copy of this Order to the PACER Service Center.

**SO ORDERED.**

Date: December 10, 2020

_____
BERYL A. HOWELL
Chief Judge